IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM LEE GRANT II,

    Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE and
STATE OF ILLINOIS,

    Defendants.

Case No. 19-cv-979-NJR-GCS

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On September 5, 2019, William Lee Grant II ("Grant") filed a *pro se* complaint naming the U.S. Department of Defense and the State of Illinois as defendants (Doc. 2). Grant also has filed a motion seeking leave to proceed *in forma pauperis* ("IFP") (Doc. 3) and a "motion to file exhibit using computer disk" (Doc. 4).

Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts, and it applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a)."). Under Section 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

§ 1915(a)(1).

The Court's inquiry does not end there, however, because Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed IFP. A court can dismiss a case if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion for IFP requires the undersigned District Judge to review the allegations of the complaint.

In reviewing the complaint filed by Grant, the undersigned is cognizant of the imperative that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). But the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court is not required to be an advocate for a *pro se* party, nor is it required to accept inferences drawn by him if such inferences are unsupported by facts set forth in the complaint. *See Radivojevic v. Granville Terrace Mut. Ownership Trust*, No. 00 C 3090, 2000 WL 1433999, at *2 (N.D. Ill. Sept. 27, 2000).

Grant has filed a "Civil Liberties Complaint," in which he alleges that Ronald Reagan directed the Secretary of Defense to "create him" in order to predict future

nuclear attacks, and he was created in the basement of the Pentagon in 1990. He alleges that Gregory Harris bribed his family, directed Grant's optometrist to give him an incorrect lens prescription that would diminish Grant's vision, and directed that Grant's orthodontist drill the enamel off his teeth. Grant also makes rambling and non-sensical allegations about wrongdoings of various public figures. In fact, he recently filed another case before the undersigned, in which he made similar allegations. *See* 19-cv-1104-NJR-RJD. As the undersigned noted in that case, Grant has attempted to file a similar rendition of this complaint on numerous occasions before courts across the country.[1] Grant mentions the other cases in his complaint (Doc. 2, p. 2).

To the extent there are any potential constitutional claims buried within Grant's eleven-page complaint of rambling allegations, the Court finds the facts to be largely unbelievable. Sometimes a suit is dismissed because the facts are unbelievable, "even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton*, 302 F.3d 773, 774 (7th Cir. 2002). The Supreme Court has held that district judges, who are "all too familiar with factually frivolous claims," are in the best position to determine which claims fall into that category. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Overall, the Court finds that Grant's claims are baseless. *See, e.g. Davis v. Allen County Sheriff*, No. 1:05-CV-163-TS, 2005 WL 1431903, at *2 (N.D. Ind. Jun. 9, 2005)

---

[1] Specifically, Grant has filed other complaints before the Central District of California, the District of Columbia, the Northern District of Georgia; the Northern District of Illinois; the Central District of Illinois; the District of Maryland; the District of Nebraska; the Eastern District of New York; the Southern District of New York; the Eastern District of Texas; the Northern District of Texas; the Southern District of Texas; the Western District of Texas; the Eastern District of Virginia; and the Court of Federal Claims. He has appealed to the Second Circuit; the Fourth Circuit; the Fifth Circuit; the Seventh Circuit; the Eighth Circuit; the Ninth Circuit; the Eleventh Circuit; the Federal Circuit; and the D.C. Circuit.

(dismissing complaint under Section 1915A as frivolous because the claims were unbelievable); *see Zappley v. United States*, No. 04C0434, 2005 WL 1334606, at *1 (E.D. Wisc. June 6, 2005) ("A court can dismiss a suit as factually frivolous pursuant to §1915(e)(2)(B)(i) when the facts alleged in the complaint are 'clearly baseless,' 'fanciful,' 'fantastic,' 'delusional' or 'incredible.'") (citing *Denton*, 504 U.S. at 32-33)).

Moreover, the Court finds it unnecessary to grant leave to refile an amendment. The Court is not required to allow frivolous litigation to bog down the judiciary. *See e.g. Walton v. Walker,* 364 F. App'x 256, 257-58 (7th Cir. 2010) (affirming dismissal with prejudice of plaintiff's sprawling 82-page complaint considering his history of meritless litigation), *see also Chung v. KPMG LLP,* 104 F. App'x 576, 577 (7th Cir. 2004) (dismissal with prejudice was warranted when plaintiff had a history of redundant and frivolous filings). Grant is once again **WARNED** that continuous frivolous filings in this district may result in a filing ban.

Accordingly, because the Court finds that Grant's allegations fail to state a claim for relief, the motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**, and this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). The "motion to file exhibit using computer disk" (Doc. 4) is **DENIED as moot**. The Clerk of Court is **DIRECTED** to return the disk to Grant and to enter judgment accordingly.

Out of an abundance of caution, the Court advises Grant as follows. If Grant wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Grant chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Grant files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Grant wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P.

4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Grant showing excusable neglect or good cause.

If Grant chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Grant cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1). The IFP motion must set forth the issues Grant plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

DATED:   December 11, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**